UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BROWARD DIVISION

| | |
|---|---|
| PALLET RECOVERY LLC and PEACHTREE GROUP LLC, | CASE NO. 02-61010 CIV-ROETTGER |
| Plaintiff(s), | Magistrate Judge Seltzer |
| vs. | |
| WESTSIDE PRODUCE, a California corporation, | |
| Defendant | |

NIGHT BOX FILED

SEP 17 2002

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO ABATE AND/OR MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR ALTERNATIVELY MOTION TO TRANSFER**

Plaintiffs, PALLET RECOVERY LLC and PEACHTREE GROUP LLC, by and through the undersigned counsel and pursuant to the Local Rules for the United States District Court, Southern District of Florida, and the Federal Rules of Civil Procedure, submit this their Memorandum in Opposition to the Defendant's Motion to Abate and/or Motion to Dismiss for Lack of Personal Jurisdiction or in the alternative, Motion to Transfer and in support thereof state as follows:

1.  Defendant, Westside Produce, Inc. has moved the court to dismiss the complaint for lack of personal jurisdiction and alternatively has moved the court to transfer the cause under 28 U.S.C. section 1404(a). It is herein submitted that neither dismissal of the case, nor transfer under section 1404 is appropriate as venue is controlled by the contract entered into by the Defendant and by virtue of facts establishing that the Plaintiffs' assignor and the subject business between the parties had a substantial nexus to Ft. Lauderdale, Florida at the time of entry of the contract and therefore venue is appropriately laid in this court.

1



2. Alternatively, Plaintiff moves the court for leave to amend its pleading originally filed in the Circuit Court of the Seventeenth Judicial Circuit of Florida, in order that the amended complaint will set forth those additional facts establishing venue in Florida under Florida's long arm statute, section 48.193 Florida Statutes.

3. Defendant's Motion to Abate and/or Motion to Dismiss for Lack of Personal Jurisdiction or in the alternative, Motion to Transfer argues that the sole basis for personal jurisdiction cannot be by the agreement of the parties in a contract. Defendant inaccurately sets forth that the subject pallet lease contract is the "sole basis" for Florida to exercise personal jurisdiction over the Defendant.

4. Reference to the Pallet Lease contract appended to the complaint discloses that the contract itself sets forth that Plaintiff's assignor, National Pallet Leasing Systems, LLC maintained offices at 2419 East Commercial Boulevard, Suite 302, Ft. Lauderdale, Florida 33308. This address constituted business offices for the corporation, at which it maintained employees and conducted business included in which was the subject pallet lease agreement with Wstside Produce, Inc., the Defendant herein. In addition to maintaining offices in and doing business in Ft. Lauderdale, Florida, said corporation maintained its bank accounts in Ft. Lauderdale at First Union National Bank and used said accounts for processing payments, including payments made upon the subject agreement, regardless of the fact that payments were mailed by Westside Produce to the corporation's customer service offices in Dallas, Texas and then forwarded to Florida for processing by Plaintiff's office.

5. National Pallet Leasing Systems, LLC. was the originator of the subject agreement between the parties and, at the time maintained offices in and conducted its pallet leasing business from its Ft. Lauderdale, Florida offices. The foregoing business activities meet the appropriate minimum contacts of National Pallet Leasing Systems, LLC with Florida for purposes of jurisdictional analysis. It removes the case from the ambit of cases such as C.R. McCray v. J.D./M.D., Inc., 511 So2d 540 (Fla. 1987)., cited by Defendant in which the sole basis for Florida

to exercise jurisdiction over a non resident Defendant was a contract designating Florida as the forum. In the case at bar, the Plaintiff relies upon the contract establishing jurisdiction in Florida, which contract was integral to the business activities of National Pallet Leasing Systems, LLC, conducted from its Ft. Lauderdale, Florida offices which business included the subject Pallet Leasing agreement. Based upon the fact that the contract originated in Ft. Lauderdale and was returned after Defendant's execution thereof to Ft. Lauderdale, the contract was entered into in Ft. Lauderdale.

6. The Pallet Lease agreement contains a detailed and specific clause, typed in bold face lettering and providing **exclusive** jurisdiction in the state of Florida and waiving objection based upon venue or *forum non conveniens*. Said clause is incorporated in its entirety by reference herein and is quoted in pertinent part hereinbelow:

> (a) This lease shall be interpreted and the rights and liabilities
> of the parties hereto determined in accordance with the internal
> laws (as opposed to the conflict of laws provisions) of the state
> of Florida, except to the extent that the remedies hereunder in
> respect to the PEP Pallets, are governed by the laws of a jurisdiction
> other than the state of Florida (b) subject only to the exception in
> the next sentence, National and Lessee hereby agree to the exclusive
> jurisdiction of any state of federal court competent jurisdiction in
> the state of Florida sitting in Broward County and waive any
> objection based on venue or <u>forum non conveniens</u> with respect
> to any action instituted therein, and agree that any dispute concerning
> the relationship between National and Lessee or the conduct of any
> party in connection with this lease or otherwise shall be heard only in
> the courts described above. [paragraph 15].

7. Unlike the parties in <u>McCray</u>, *supra*, the originator of the contract, Plaintiff's predecessor, was headquartered in and doing business from its Ft. Lauderdale, Florida offices which business included the negotiation of and entry into the subject contract. The fact that the contract was signed by Defendant in its California office and thereafter returned to Florida cannot serve to oust Florida of its jurisdiction acquired by virtue of the contract origination and business

3

activities of Plaintiff's predecessor as well as the valid contractual agreement submitting the Defendant to jurisdiction in Florida. Thus, there was sufficient minimum contacts with the State of Florida, coupled with the contractual agreement of the parties, as to justify the exercise of jurisdiction in this state.

8. Plaintiff before this Court, as assignee of National Pallet Leasings Systems, LLC, stands in the place of its assignor and is deemed to have a substitution of those same rights pursuant to its assignment. City of Hope National Medical Center v. Health Plus, Inc., 156 F.3d 223 (1st Cir. 1998). As such, Plaintiff is entitled to assert the same basis as its assignor for purposes of establishing personal jurisdiction over the defendant in an action for breach of contract. Weiner King Systems, Inc. v. Brooks, 628 F.Supp. 843 (W.D.N.C. 1986).

9. It is submitted that it is herein inappropriate to resolve issues in determining forum selection. Thus, Defendant's assertion that the Plaintiffs have not made any evidentiary showing that N.P.L.S. provided the required notice under the lease agreement cannot and should not be resolved on a motion to dismiss. The forum selection clause is part of a validly entered contract between the parties and governs the rights of the Defendant in this regard.

10. In a similar case, a Florida appellate court held in Lacy v. Force V Corporation, 403 So.2d 1050 (1st DCA Fla. 1981), that the single most important factor to be considered is whether,"the defendant's conduct and connection with the forum ...are such that he should reasonably anticipate being haled in court there..." citing, the United States Supreme Court opinion in World -Wide Volkswagen Corp. v. Woodson, 444 U.S. at 297, 100 S.Ct. at 567. When the jurisdictional assertion is founded on contract, this Florida court found precedent in the federal decision in Products Promotions, Inc. v. Cousteau, 495 F.2d 483 (5th Cir. 1974). The court employed a dual test in determining whether the circumstances were such that the forum state could assume jurisdiction without depriving the defendant of due process. In the instant case, the facts meet the dual test adopted. There is both minimum contact with this state resulting from an affirmative act of Defendant, mailing payment for processing through Florida

4

bank account and handled by Florida personnel and the Defendant's contact with the state was deliberate, rather than fortuitous.   Compare also the decisions in Armaly v. Practice Management Associates, Inc., 533 So.2d 920 (Fla. 2nd DCA 1988) and Jefferson Savings and Loan Ass'n v. Greenman Group, Inc., 531 So.2d 428 (Fla. 4th DCA 1988) where the exclusivity of the governing law contractual provision together with payments made to the forum state was enough to satisfy Florida's long arm statute.

      11.    For purposes of a motion to dismiss, all well pleaded facts are accepted as true. Plaintiff's facts adequately reveal that the contract was entered in the state of Florida and was breached in the state of Florida by the failure to remit payment which would be processed by the Ft. Lauderdale, Florida office.   Plaintiff's witnesses will include Darrell Snitker, former Senior Vice President and Howard Ellingsworth.  Plaintiff's assignor's accounting firm, which maintains books and records for the corporation is located in and its accountant, Ellingsworth resides in Florida.   The convenience of the witnesses and the parties, plaintiff and defendant are comparatively equal as to this factor.   These specific facts satisfy traditional notions of minimum contacts, fair play and substantial justice. Defendant's affidavits attached to their motion fail to refute the jurisdictional allegations made in the complaint.

      WHEREFORE, based upon the aforestated, it is respectfully requested that this Honorable Court enter an Order denying Defendant's Motion to Abate and/or Motion to Dismiss for Lack of Personal Jurisdiction or in the alternative, Motion to Transfer and requiring the Defendant to serve an Answer to the complaint within ten days thereof, and alternatively granting to the Plaintiff such other and further relief as this Court deems proper, including but not limited to leave of court to file an amended complaint.

      Respectfully submitted,

BARRETT, ROGERS & ASSOCIATES, P.A.
Second floor; 801 N.E. 167th St.
North Miami Beach, Florida 33162
Telephone: (305) 455-2040
Facsimile: (305) 455-2275 or (305) 455-2050

By: *[signature]*

William L. Rogers, Esquire
Florida Bar No.: 148840

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered by U.S. mail, postage prepaid, and fax to the Defendant's counsel, Pyszka, Blackmon, Levy, Mowers & Kelley, Jeffrey A. Mowers, Esq., at Suite 300, 14750 N.W. 77th Ct., Miami Lakes, Fl. 33016, and Plaintiff's co-counsel Scott R. Willinger, Esq., Sax, Willinger & Gold, at Suite 100, 8180 N.W. 36th St., Miami, Florida 33166, this 17th day of Sept., 2002.

BARRETT, ROGERS & ASSOCIATES, P.A.
Second floor; 801 N.E. 167th St.
North Miami Beach, Florida 33162
Telephone: (305) 455-2040
Facsimile: (305) 455-2275 or (305) 455-2050

By: _____
William L. Rogers, Esquire
Florida Bar No.: 148840